UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEONARD'S LINEN SERVICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-21-JDT-WTL |
| ) | |
| CITY OF BLOOMINGTON, CITY OF ) | |
| BLOOMINGTON PLAN COMMISSION and ) | |
| CITY OF BLOOMINGTON HISTORIC ) | |
| PRESERVATION COMMISSION, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DENYING DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 40, 51) AND DENYING REQUEST FOR ORAL ARGUMENT (DOC. NO. 73)**[1]

Plaintiff, Leonard's Linen Service ("LLS") owns commercial property in Bloomington, Indiana. It sought and was granted a permit to demolish certain improvements on its property in 2004. At the start of 2005, LLS applied for a second permit to demolish additional improvements on its property. Subsequent to filing the permit application, an amendment to local regulations and ordinances was passed and a "Demolition Delay Ordinance" was implemented, which changed the parameters for demolition of structures found to be of historic significance. Approval of Plaintiff's demolition permit was withheld, despite the fact that its application predated the passage of the changes in local law. Its property was eventually designated as a historic property and LLS cried foul and filed this lawsuit, claiming that the Defendants,

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

City of Bloomington, City of Bloomington Plan Commission, and City of Bloomington Preservation Commission, deprived it of due process and the equal protection of the laws.  More specifically, after the filing of its Amended Complaint, LLS alleges that there is a conspiracy amongst the officials of these local governmental units which resulted in the denial of the permit, and the motive of those involved in the conspiracy is to prevent the property from being sold to and developed by an individual from New York whom the officials believe to be of the Jewish faith or race.[2]

The Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  They claim that LLS can not successfully pursue its claims under 28 U.S.C. § 1983 because it has no property interest in a demolition permit; it has not pursued its state law remedies; and any failure to follow state or local procedures is not a constitutional violation.

### *Standard of Review*

The standard of review for a Rule 12(b)(6) motion to dismiss for failure to state a claim is stringent.  Under federal notice pleading, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  As the Supreme Court directed lower courts long ago, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

---

[2] As a foundation for making such a disturbing allegation, LLS alleges that an e-mail was sent by a member of the Bloomington Historic Preservation Commission to other city officials referring to the potential developers as the "latest crew from NYC ... I fear it is David Carp and the shlocksters."

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Massey v. Merrill Lynch & Co.,* 464 F.3d 642, 645 (7th Cir. 2006). When ruling on a 12(b)(6) motion, the court must view the complaint in the light most favorable to the plaintiff and take the allegations of the complaint as true. *Massey*, 464 F.3d at 645.

### *Discussion*

"Federal courts are not boards of zoning appeals." *River Park, Inc. v. City of Highland Park,* 23 F.3d 164, 165 (7th Cir. 1994). So goes the opening line of the frequently cited opinion authored by now Chief Circuit Judge Frank H. Easterbrook. In *River Park*, the Seventh Circuit was critical of litigation strategies adopted by those who, for whatever reason, believe they stand a better chance of obtaining the local licenses, permits or zoning categorization they seek by attaching a "denial of due process" moniker on their challenges to local governmental actions and pursuing the matter in federal court. "Labels do not matter. A person contending that state or local regulation of the use of land has gone overboard must repair to state court." *Id.* at 167.

This court shares the sentiments expressed by Judge Easterbrook for the Seventh Circuit in *River Park*; however, like the appellate court, it recognizes that constitutional infringement during local land use proceedings can occur and redress in federal courts is sometimes appropriate. In *Village of Westbrook v. Olech*, 528 U.S. 562 (2000), the Supreme Court affirmed the Seventh Circuit's reversal of a district court's decision to dismiss an equal protection claim brought by a plaintiff who sued when the

local municipality demanded a 33 foot easement as a condition for connecting plaintiff's home to the village's water supply. Plaintiff and her neighbors had recently successfully pursued litigation against the village for flood damage as a result of the village's negligent installation of drainage culverts near their homes. *See Olech v. Village of Willowbrook*, 160 F.3d 386, 387 (7th Cir. 1998). When Olech sought to be hooked up to the municipality's utility she was told she needed to give up a 33 foot easement instead of the typical 15 foot easement required of others seeking to be hooked-up to the utility. *Village of Westbrook v. Olech*, 528 U.S. at 565. Olech refused the demand. The village eventually reduced its demand to the customary 15 foot easement and Olech was hooked-up to the water supply, but she sued in federal court for damages that resulted from the delay in providing her home with access to the water main. *Id*.

In her lawsuit, Olech alleged vindictive motives on the part of the village, leading to an irrational and arbitrary condition being placed on her receiving her access to the water line. *Id*. The district court dismissed after the village filed a Rule 12(b)(6) motion contending the complaint failed to state a claim. *Id*. at 563. The Seventh Circuit reversed, ruling that a plaintiff may allege an equal protection violation by asserting that the subject state action was motivated solely by a "spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective." *Id*. at 564. The Supreme Court affirmed the Seventh Circuit, stating that Olech's allegations that the village acted irrationally and arbitrarily in making its demand of her were sufficient to assert an equal protection claim as a class of one. *Id*. at 565. It did not reach the question of whether a

local governmental unit's "ill-will" could serve as an alternative basis for an equal protection claim, as opined by the Seventh Circuit. *Id.*

In the case at bar, before amending its complaint to add the equal protection claim of arbitrary and discriminatory conduct, LLS was a step away from meeting the end of its federal litigation effort, because the deprivation of a recognized property interest, necessary to successfully assert a violation of due process, was not present. LLS continues to argue that it has a vested property interest in the demolition permit being issued under the local laws in force at the time of its permit application and cites *Knutson v. State ex rel. Seberger,* 160 N.E.2d 200 (Ind. 1959) as authority for that proposition.[3]  However, *Knutson* has clearly been overruled by *Metro. Dev. Comm'n of Marion County v. Pinnacle Media, LLC*, 836 N.E.2d 422 (Ind. 2005), which states "[W]ith respect to building permits, then, *Knutson's* suggestion that having a building permit on file creates a vested right that cannot be overcome by a change in zoning law is overruled." *Id.* at 428. Therefore it is the amendment to LLS's complaint, which added an equal protection claim, that has saved LLS for now.

Defendants argue that LLS can not prevail on its equal protection claim because it is required to negate any reasonably conceivable set of facts that could support the decision and that a reasonable basis for the municipality's actions can already be found within the lengthy factual allegations of the amended complaint. In turn, LLS argues that the allegations must be viewed in its favor at this point and that it can also prevail

---

[3] Constitutionally protected property rights are generally grounded in state law. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 , 430 (1982).

on an equal protection claim if it proves that the Defendants' action was motivated by animus.  The court need not decide now whether LLS must meet one or the other of the asserted evidentiary burdens, as its chance to win on the evidence comes a bit later.  At this stage, the complaint is sufficient to support an equal protection claim under *Olech* when the allegations of intentional discrimination and arbitrary conduct contained in the amended complaint are examined in the light most favorable to LLS.  Furthermore, despite defendants insistence on the same, the liberal pleading rules do not require the specific words "similarly situated" in the complaint in order to find a sufficient "class of one" claim.

The bottom line here is that if LLS was denied a permit because city officials had a specific "ill-intent" towards it, then it was denied the equal protection of the law.  Or, if the permit was denied because, as LLS asserts, city officials believed it was going to sell the property to a Jewish developer, then its civil rights were violated and the defendants would be liable.  The amended complaint makes these allegations, so it survives a Rule 12(b)(6) motion.  That is not to say that the evidentiary hurdle LLS faces in order to prove its case is a small one. The "discriminatory intent" gap between denial of a permit and knowledge or belief that the potential developer might be Jewish is a large one that is not bridged solely by proof of the use of the word "schlockster" by an official even when combined with a reference to New York City.  At this point though, the amended complaint presents allegations which, if proven would allow LLS to prevail on an equal protection claim.

-6-

Accordingly, Defendants' Motion to Dismiss Amended Complaint (Document #51) is **DENIED**. The Defendants' earlier Motion to Dismiss (Document #40), filed prior to the amendment to Plaintiff's complaint, and Defendants' Request for Oral Argument (Docket #73) are both **DENIED as MOOT**.

ALL OF WHICH IS ENTERED this 26th day of March 2007.

John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William T. Lawrence

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Anthony Scott Chinn
BAKER & DANIELS
scott.chinn@bakerd.com

Jane M. Cuthbert
GASS WEBER MULLINS LLC
cuthbert@gasswebermullins.com

James Ric Gass
GASS WEBER MULLINS LLC
gass@gasswebermullins.com

Matthew Davidson Lamkin
BAKER & DANIELS
matthew.lamkin@bakerd.com

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

David Brian Schilling
MONROE COUNTY ATTORNEY
dschilling@co.monroe.in.us

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com