UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **LEONARD'S LINEN SERVICE,** | ) | |
| | ) | |
|    **Plaintiff,** | ) | |
| | ) | |
|    vs. | ) | CAUSE NO.  1:06-cv-21-JDT-WTL |
| | ) | |
| **CITY OF BLOOMINGTON, et al.,** | ) | |
| | ) | |
|    **Defendants.** | ) | |

### ENTRY ON MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER

This cause is before the Magistrate Judge on the Plaintiff's Motion to Compel Defendants' [sic.] to File an Answer to the Plaintiffs' [sic.] Amended Complaint and Comply with Plaintiffs' [sic.] Discovery Requests and the Defendants' responsive Motion for Protective Order.[1]  The motions are now fully briefed, and the Magistrate Judge, being duly advised, rules as follows.

Background

Plaintiff Leonard's Linen Service ("LLS") owns a piece of commercial property in Bloomington, Indiana, that was formerly home to a dry cleaning business.  On January 5, 2005, LLS submitted a Commercial Demolition Permit Application to the Monroe County Building

---

[1] The Magistrate Judge notes that Plaintiff's counsel filed a letter on May 8, 2007, in which she stated that the Defendants had filed to file a timely response to the motion to compel and asked that an attached proposed order be entered.  The factual basis for the letter was incorrect, inasmuch as the Defendants' response was not due until May 11th; Plaintiff's counsel failed to add three days to the fifteen-day time period for responding as required by Federal Rule of Civil Procedure 6(e).  Indeed, even without the additional three days, the fifteen-day period would not have expired until the end of May 8th, more than eleven hours *after* the letter was filed.  The Magistrate Judge commends the Defendants' restraint in not further cluttering the Court's docket by filing a motion to strike the letter based upon these inaccuracies.  In addition, the Magistrate Judge notes that even if the letter had been factually accurate, it still would have been wholly unnecessary, inasmuch as the Court's staff is highly adept at bringing motions to the attention of the proper judicial officer at the appropriate time without prompting by counsel.

Department seeking to demolish a building on its property. After LLS submitted its application, and before action was taken on it, the City of Bloomington enacted a "Demolition Delay Ordinance" which changed the manner in which such applications were handled when potentially historically significant structures are involved. Ultimately LLS's property was designated as an historic property and no demolition permit was issued. In its amended complaint, LLS alleges that the Defendants' decision to deny its application for a demolition permit "was based on City of Bloomington officials' anti-Semitic beliefs, and/or some other improper purpose." As summarized by Judge Tinder:

> The bottom line here is that if LLS was denied a permit because city officials had a specific "ill-intent" towards it, then it was denied the equal protection of the law. Or, if the permit was denied because, as LLS asserts, city officials believed it was going to sell the property to a Jewish developer, then its civil rights were violated and the defendants would be liable.

### Discussion

Two of the issues raised by LLS in its motion to compel now appear to be moot: LLS asks the Court to compel the Defendants to file an answer to their amended complaint, which the Defendants have now (belatedly) done, and LLS asks for an order compelling the Defendants to produce documents in response to its document requests, which they also have done.[2] The issues that remain in dispute are whether LLS is entitled to depose Bloomington's mayor and deputy

---

[2] In her letter to the Court, LLS's counsel suggests that the Defendants' document production remains inadequate, but she gives no further information regarding the inadequacies, and LLS does not respond to the unequivocal statement in the Defendants' motion for protective order that the issue regarding the Defendants' document production is now moot, so the Magistrate Judge assumes that to be the case.

mayor and whether certain conditions proposed by the Defendants should be imposed on LLS's depositions of two of Bloomington's city attorneys. Each issue is addressed in turn below.[3]

1. Depositions of the Mayor and Deputy Mayor

The Defendants argue that, in light of their busy schedules, government officials such as the mayor and deputy mayor should not be required to submit to depositions absent a showing that the information sought cannot be obtain through other means, citing the disruption of government business that would result if they were required to testify in every case involving the City of Bloomington. However, there is no dispute that the mayor and the deputy mayor have personal knowledge of events that are relevant to the claims and defenses in this case,[4] a fact which likely distinguishes this case from the vast majority of cases against the city. That said, in light of the likely limited extent of that personal knowledge, the burden on the city, and the availability of other means of discovery, the Magistrate Judge determines that it is reasonable to limit the depositions of the mayor and the deputy mayor to two hours each. LLS should take

---

[3]LLS suggests that the Defendants' motion for protective order should be summarily denied as untimely because the Defendants "waited until less than one week prior to the depositions" to file their motion, thus necessitating the cancellation of the depositions that LLS had noticed for May 17-18. This was a time crisis of LLS's own making, however. LLS noticed the depositions on April 23rd, the same date that it filed its motion to compel. Clearly LLS knew that the propriety of the depositions was in dispute, and yet it chose to notice them for dates approximately three weeks from the date of its motion to compel, which did not leave sufficient time under Local Rule 7.1 for the motion to be fully briefed, not to mention the time needed for the Court to review and resolve the motion once it was. The Defendants cannot be faulted for taking the time to which they were entitled to respond to the motion to compel, and they also cannot be faulted for not being the first to determine that counsel would not be able to resolve the dispute among themselves and a motion was therefore necessary. Litigation is costly enough; counsel should take care not to make decisions–like choosing deposition dates that are unreasonable in light of the circumstances–that unnecessarily add to that cost.

[4]This, and not, as the Defendants suggest, whether LLS has demonstrated that the mayor and deputy mayor were involved in a conspiracy against it, is the relevant inquiry.

care to tailor its questions during these abbreviated depositions to those questions that directly relate to the personal actions and knowledge of the mayor and deputy mayor.

### 2. Depositions of City Attorneys

LLS wishes to depose Kevin Robling, Bloomington's corporation counsel, and Patricia Bernens, another attorney employed by the City of Bloomington, both of whom apparently have by virtue of their employment information relevant to the claims and defenses in this case. While the Defendants suggest that it would be appropriate for the Court to prohibit the depositions altogether, based upon the fact that deposing an opponent's counsel always is fraught with privilege issues and is generally discouraged for that and other reasons, the Defendants do not so move. Rather, they request that the depositions be held only under the following conditions: (1) that they be supervised by the Magistrate Judge to permit "real time" rulings on privilege and other objections; and (2) that LLS provide the Defendants with advance notice of the topics it wishes to address at the depositions, so that the deponents and their counsel may better prepare for the depositions and thus avoid disclosing privileged matters. The first condition is neither necessary nor feasible in light of the Magistrate Judge's own schedule; however, in similar situations counsel have found it convenient to hold the depositions in the United States Courthouse on a date coordinated with the Magistrate Judge, so that any objections or other issues that arise can be resolved quickly. When complex privilege issues are involved, this procedure is preferable to having the Magistrate Judge resolve disputes over a speakerphone, and therefore the Magistrate Judge urges the parties to utilize it in this case. As for the second condition, that, too, is unnecessary; the deponents are attorneys who presumably understand the attorney-client privilege, and that understanding combined with defense counsel's ability to object as necessary is sufficient to prevent inadvertent disclosure of privileged information.

Conclusion

For the reasons and to the extent set forth above, the Plaintiff's motion is **GRANTED IN PART** and **DENIED AS MOOT IN PART**, and the Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

SO ORDERED: 06/21/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Anthony Scott Chinn
BAKER & DANIELS
scott.chinn@bakerd.com

Jane M. Cuthbert
GASS WEBER MULLINS LLC
cuthbert@gasswebermullins.com

James Ric Gass
GASS WEBER MULLINS LLC
gass@gasswebermullins.com

Matthew Davidson Lamkin
BAKER & DANIELS
matthew.lamkin@bakerd.com

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

David Brian Schilling
MONROE COUNTY ATTORNEY
dschilling@co.monroe.in.us

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com